**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 97-3258

———————

|  |  |  |
|---|---|---|
| Jacob Todd, by Father, Jim Todd, and Mother, Patsy Todd, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Elkins School District No. 10; John R. Smith; Jane Vaught; Marsha Wenzel; Jana Eaton; Ginny Kobe, | * * * * | [UNPUBLISHED] |
| Appellees. | * | |

———————

Submitted: April 17, 1998
Filed: April 27, 1998

———————

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Minor Jacob Todd, through his parents Jim and Patsy Todd, appeals the district court's[1] grant of summary judgment to defendants in the Todds' action claiming violations of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. In a prior opinion, we affirmed the district court's denial of qualified

———————

[1]The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

immunity to defendants, and directed the district court to dismiss the Todds' claim for damages under the Individuals with Disabilities Education Act (IDEA). See Todd v. Elkins School Dist. No. 10, No. 96-1520 (8th Cir. Jan. 10, 1997) (unpublished per curiam).

According to the Todds, school officials violated section 504 by acting with "thoughtless indifference and an intentional disregard" for Jacob's safety. The Todds alleged that Jacob was qualified to "receive the benefits and participate in the programs provided" by defendants, and that the defendants excluded Jacob from these benefits "solely because of his disability."

Undisputed facts demonstrate that Jacob, a fourth grade special education student with muscular dystrophy, fell from his unbuckled wheelchair and broke his leg while being pushed to the playground by a fellow student. The Individualized Education Plan developed for Jacob did not provide for an adult aide, but one was available to assist Jacob. Defendants, however, at times elected to have Jacob's peers transport Jacob to recess.

The district court granted the defendants' summary judgment motion as to both claims. The Todds appeal, suggesting that the district court applied the improper standard for proving a section 504 claim.

We have stated that section 504 does not create "general tort liability for educational malpractice," but rather, requires a showing of either bad faith or gross misjudgment to demonstrate a violation in the context of the education of handicapped children. See Monahan ex rel. Monahan v. Nebraska, 687 F.2d 1164, 1170-71 (8th Cir. 1982), cert. denied, 460 U.S. 1012 (1983). We have also emphasized that "[s]o long as the state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals, we cannot believe that Congress intended to create liability under § 504." Id. at 1171.

"[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting Youngberg v. Romeo, 457 U.S. 307, 323 (1982)).

Applying this standard, and viewing the evidence in the light most favorable to the Todds, we agree with the district court that, as a matter of law, the defendants did not discriminate against Jacob based on his disability in violation of section 504 of the Rehabilitation Act. Evidence before the district court and undisputed by the Todds, showed that the defendants, in exercise of their judgment, utilized Jacob's peers for transportation in an effort to encourage peer relationships and minimize the isolation associated with Jacob's disabilities. While defendants may have misjudged Jacob's transportation needs, we agree that their actions did not amount to such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that they did not base their decision on such a judgment. See Hoekstra ex rel. Hoekstra v. Independent Sch. Dist. No. 283, 103 F.3d 624, 626-27 (8th Cir. 1996) (applying Monahan standard to Americans with Disabilities Act claim; three month delay in providing elevator key to student for whom using stairs was painful did not constitute bad faith or gross misjudgment; defendants claimed delay was occasioned by process of making elevator safe) cert. denied, 117 S. Ct. 1852 (1997); Heidemann v. Rother, 84 F.3d 1021, 1031-32 (8th Cir. 1996) (no genuine issue of material fact as to § 504 violation, and defendants entitled to qualified immunity as a matter of law where parents claimed school officials punished their child based on her disability by wrapping her, i.e., binding her body with a blanket).

The Todds' section 1983 claim fails as well. See DeBord ex rel. DeBord v. Board of Educ., 126 F.3d 1102, 1107 (8th Cir. 1997)(failure to show Rehabilitation Act or violations of § 1983 "dooms" claims based on those federal laws), petition for cert. filed, 66 U.S.L.W. 3532 (U. S. Feb. 06, 1998) (No. 97-1297).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.